IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN EDWARD BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:22ct03097 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | By: Hon. Thomas T. Cullen |
| FOR THE EASTERN DISTRICT OF | ) | United States District Judge |
| NORTH CAROLINA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Edward Butler, a North Carolina prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the United States District Court for the Eastern District of North Carolina, the United States Court of Appeals for the Fourth Circuit, the North Carolina Department of Public Safety, and Judges Flanagan, Thacker, Quattlebaum, and Rushing. But at least three of Butler's previous actions have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See e.g., Butler v. Hedges, et al.*, Case No. 5:15ct03021 (E.D.N.C. May 28, 2015) (dismissed as frivolous); *Butler v. Britt, et al.*, Case No. 5:15ct3023 (E.D.N.C. Oct. 8, 2015) (dismissed as frivolous); and *Butler v. State of North Carolina, et al.*, Case No. 5:15ct3239 (E.D.N.C. Jan. 28, 2016) (dismissed for failure to state a claim). Therefore, Butler may not proceed with this action unless he either prepays the filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Butler has not prepaid the filing fee, so the court must determine whether he is in imminent danger.

In his complaint, Butler alleges that the defendants violated his rights to due process and access to courts by "illegal[ly]" and "improperly dismiss[ing] and den[ying his] cases . . . ." (Compl. at 3 [ECF No. 1].) Butler asserts that by dismissing his cases, the defendants caused him "severe damage to his mind," as well as "distress and physical discomfort." (*Id.* at 9.) The court finds that Butler's complaint does not demonstrate that he is "under imminent danger of serious physical injury." *See Springer v. Day*, No. 7:16cv261, 2016 U.S. Dist. LEXIS 76270, at *3, 2016 WL 3248601, at *1 (W.D. Va. June 13, 2016) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)) ("Courts have held that the imminent danger exception to § 1915(g)'s 'three strikes' rule must be construed narrowly and applied only for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate' to the alleged official misconduct.") Because Butler has three strikes and has neither prepaid the filing fee nor demonstrated that he is under imminent danger of serious physical harm, he cannot proceed with this action. 28 U.S.C. § 1915(g).

But even if the court allowed Butler to proceed without paying the filing fees, his allegations do not state viable § 1983 claims against the defendants. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by *a person* acting under color of law. *West v. Atkins*, 487 U.S. 42 (1988). Neither the United States District Court for the Eastern District of North Carolina nor the United States Court of Appeals for the Fourth Circuit is a "person" subject to suit under § 1983. *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) (holding that "[c]ourts are not persons" under § 1983); *Oliva v. Boyer*, 163 F.3d 599, 599 (4th Cir. 1998) (unpublished table

opinion) (explaining that "the Defendant court system is not a person" for purposes of § 1983). Accordingly, they cannot be sued under the statute on which Butler is proceeding.

The North Carolina Department of Public Safety, a North Carolina agency, is entitled to sovereign immunity. The Eleventh Amendment bars suits against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). Congress has not imposed § 1983 liability upon states, and "North Carolina has done nothing to waive its immunity." *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989). Additionally, arms of the state, such as the Department of Public Safety, are not "persons" for the purposes of § 1983. *See Weller v. Dep't of Soc. Servs. for the City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990).

Finally, the judge defendants are entitled to absolute immunity. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[1] *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09cv12, 2009 U.S. Dist. LEXIS 114247, at *6, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action [they] took

---

[1] Only two exceptions apply to judicial immunity: (1) nonjudicial actions and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Based on Butler's allegations, neither exception applies here.

- 3 -

was in error, was done maliciously, or was in excess of [their] authority . . . ." *Stump*, 435 U.S. at 356. Judicial immunity is an absolute immunity that protects a defendant not just from assessment of damages, but also from damages suits entirely. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

For the reasons states, the court will dismiss Butler's complaint pursuant to § 1915(g).[2]

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Butler.

**ENTERED** this 18th day of July, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Although Butler brings this action under § 1983, to the extent Butler's complaint could be construed as an action under *Bivens* v. *Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the court's analysis and ultimate determination is the same. Butler's complaint is still barred under § 1915(g) (given his previous three "strikes"), and Butler's allegations nevertheless fail to state a viable claim against the defendants. *See FDIC v. Meyer*, 510 U.S. 471, 475, 484−86 (1994) (noting that *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities); *Cherdak v. O'Grady*, No. 21-cv-0141-PWG, 2022 U.S. Dist. LEXIS 35122, at *22−27, 2022 WL 599487, *8−10 (E.D. Va. Feb. 28, 2022) (applying judicial immunity in a *Bivens* case).