IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHN EDWARD BUTLER, | ) |
| Plaintiff, | ) Case No. 5:22ct03097 |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, *et al.*, | ) By: Hon. Thomas T. Cullen<br>) United States District Judge |
| Defendants. | ) |

Plaintiff John Edward Butler, a North Carolina prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against two federal courts, four federal judges, and a state agency. By Memorandum Opinion and Order entered on July 18, 2022, the court dismissed Butler's complaint under 28 U.S.C. § 1915(g) because he has three prior cases that were dismissed as frivolous or for failure to state a claim.[1] (*See* ECF Nos. 5 & 6.) This matter is before the court on Butler's motion for reconsideration. (ECF No. 8.)

Motions for reconsideration are not directly contemplated by the Federal Rules of Civil Procedure. The Fourth Circuit has held, however, that a motion challenging a court judgment should be treated as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e), or as a motion for "relief from judgment" under Rule 60(b), depending on the time in which the motion is served. *Downing v. Lee*, No. 1:16-CV-1511, 2018 WL 10247588, at *1 (E.D.

---

[1] The court held, alternatively, that even if Butler's claims were not barred by the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), his allegations also failed to state viable §1983 claims against the named defendants.

Va.), *aff'd, Downing v. Matal*, 724 F. App'x 226 (4th Cir. 2018); *Fugit v. United States*, No. 4:07-CR-065, 2018 WL 9811691, at *1 (E.D. Va. Sept. 4, 2018), *aff'd*, 749 F. App'x 212 (4th Cir. 2019) (citing *Lee-Thomas v. Prince George's Cty. Pub. Schs.*, 666 F.3d 244, 247 n.4 (4th Cir. 2012)). A motion served within 28 days of the court's judgment is construed under Rule 59(e), and a motion served after that time falls under Rule 60(b). *Downing*, No. 1:16-CV-1511, 2018 WL 10247588, at *1. Because Butler filed his motion within 28 days, the court construes the motion as one brought under Federal Rule of Civil Procedure 59(e).

Rule 59(e) allows a court to alter or amend a judgment (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The motion may not be used to relitigate old matters, or "to raise arguments or present evidence that could have been raised prior to the entry of judgment" or "to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting *Wright et al.*, supra, § 2810.1, at 124); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012).

Butler primarily takes issue with the determinations in prior proceedings that his other cases were "frivolous." He contends that his "three previous cases or actions were not frivolous, [were] not malicious, nor for failure to state a claim upon which relief may be granted. The plaintiff's previous three cases are 100% merits [*sic*]." (ECF No. 8 at 2.) But this

- 2 -

Case 5:22-ct-03097-C   Document 11   Filed 08/25/22   Page 2 of 6

court does not sit in judgment of those prior decisions; if Butler believed that these dismissals were incorrect, his recourse was appellate review. This court has neither the authority nor the inclination to revisit Butler's prior cases. Rather, it is *bound* by those prior determinations, unless and until a higher court overturns them. Insofar as Butler seeks reconsideration on those grounds, it will be denied.

Second, Butler appears to contend that he should not be required to pay the filing fee because of his indigency. (*See, e.g.*, *id.* at 3 ("The plaintiff only makes $2.80¢ a week inside the prison. The plaintiff does janitorial & clean up only inside of the Bertie Corr. INSt. The Plaintiff's motion states that he is financially unable to pay the filing fee, requests permission to proceed in forma pauperis, with out paying filing fees." [*sic* throughout]).) The court has no doubt that Butler is indigent and that, if otherwise eligible, he should be allowed to proceed without prepayment of the fees. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that the *in forma pauperis* statute was "designed to ensure that indigent litigants have meaningful access to the federal courts"); *see generally* 28 U.S.C. § 1915 (2022). "However, concerned by the resulting rise of an 'outsize share of [prisoner] filings' and a 'flood of nonmeritorious claims,' Congress enacted the PLRA in 1996 to curb abuses of the IFP [*in forma pauperis*] privilege and ensure 'fewer and better prisoner suits.'" *Lurch v. City of New York*, No. 19-CV-4350 (PAE) (JLC), 2020 WL 6551722, at *2 (S.D.N.Y. Nov. 6, 2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). Specifically, the PLRA includes a "three-strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

> upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because his prior actions were dismissed as frivolous or for failure to state a claim, Butler may not proceed *in forma pauperis* unless (1) he prepays the filing fee or (2) is "under imminent danger of serious physical injury," a showing he has not made. Because the court's ruling was *not* based on Butler's indigency, but rather the plain text of the PLRA, his allegations of poverty are not grounds to disturb this court's ruling.

Third, Butler makes vague reference to a request to appoint counsel. (ECF No. 8 at 3–4 ("[T]he plaintiff had requested multiple times, to state court judges, as well as multiple times, to all federal court, to please, appoint counsels, for the plaintiff representation." [*sic* throughout]).) Insofar as any such request was made in this case (or any other civil case), the court has no power to require an attorney to represent a civil litigant, indigent or otherwise. *See* 28 U.S.C. § 1915(e)(1) ("The court may *request* an attorney to represent any person unable to afford counsel." (emphasis added)); *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (holding that the PLRA "does not authorize coercive appointments of counsel"). Accordingly, this is not cause to reconsider the court's prior rulings.

Butler also points to another court's treatment of a claim he alleges was brought under 28 U.S.C. § 2244(d)(1)(B). He believes that, in this other case, he satisfied the requirement to show an impediment to filing a petition for writ of habeas corpus. Even if this is true, it is immaterial to the present litigation. Here, he filed a civil action after having three cases dismissed as frivolous or for failure to state a claim. The merits of the underlying action, insofar

as he believes his arguments to be dispositive,[2] are simply beyond the scope of this court's ruling. The PLRA bars his action—and this court—unless he (1) pays the filing fee in full or (2) shows he is under imminent danger of serious physical injury. Neither applies here.

But even if the court *were* persuaded that Butler's prior cases were wrongfully dismissed, and even if Buter *were not* barred from proceeding because of his prior vexatious litigation, *none of that* would overcome the well-settled law that applies to his claims. He cannot sue the courts or a state agency under 42 U.S.C. § 1983 because those entities are not "persons." *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed as 'persons' . . . ."). And the named judicial defendants are entitled to absolute immunity for their actions taken as judges. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("'[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Next, Butler makes passing reference to the "three-strikes" rule's exception for a litigant "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But nothing in Butler's latest filing establishes that Butler is at any such risk, let alone indicates the incorrectness of the court's prior conclusion that Butler failed to make such a showing. Absent evidence that Butler faces such a risk in the absence of leave to proceed despite the "three-strikes" rule, the court sees no reason to reconsider its prior ruling.

---

[2] Again, as an alternative holding, the court found that his claims are barred under various theories. Even if the court reached the merits of his claim, it would nevertheless be constrained to dismiss his complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii) (2022).

- 5 -

Case 5:22-ct-03097-C    Document 11    Filed 08/25/22    Page 5 of 6

The remainder of Butler's pleading merely reiterates arguments raised previously in the same brief. His apparent belief that the decisions of Judges Flanagan, Thacker, Quattlebaum, and Rushing constituted "evil acts" for which they should be "kick[ed] out of office[]" and "put in prison for life" (ECF No. 8 at 12–13) are not legal arguments directed to any decision of this court and will not be addressed.

Because Butler has not raised any legitimate or legal ground for the court to reconsider its prior ruling, the court will deny his motion.

The clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 24th day of August, 2022.

>　　　*/s/ Thomas T. Cullen*
>　　　HON. THOMAS T. CULLEN
>　　　UNITED STATES DISTRICT JUDGE